1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BABATOV KHADZHIMURAD,                    No.  2:14-cv-0385 JAM KJN P

12             Plaintiff,

13        v.                                  ORDER

14   SACRAMENTO COUNTY SHERIFF
     DEPARTMENT,
15
               Defendant.
16

17        Plaintiff, who proceeds in pro se in this civil rights action filed pursuant to 42 U.S.C. §

18   1983, is incarcerated at the Sacramento County Jail, where he has "been . . . about a year [or]

19   more."  (ECF No. 1 at 3.)  This proceeding is referred to the undersigned magistrate judge by

20   Local Rule 302, pursuant to 28 U.S.C. § 636(b)(1).

21        Plaintiff requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and

22   has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Therefore,

23   plaintiff's request to proceed in forma pauperis will be granted.

24        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

25   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

26   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

27   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

28   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4    1915(b)(2).

5           The court is required to screen complaints brought by prisoners seeking relief against a

6    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10          The complaint alleges that plaintiff is verified as a Muslim entitled to appropriate religious

11   services and meals.  However, pursuant to implementation of a Sacramento County Jail policy,

12   enacted March 15, 2013, plaintiff now receives vegetarian meals rather than halal meals which,

13   plaintiff asserts, upset his stomach causing gas and diarrhea.  Plaintiff seeks damages and

14   injunctive relief, the latter including a change in policy that would reinstate halal meals for

15   Muslim inmates or, alternatively, that the jail's vegetarian meals include Kosher meat served to

16   Jewish inmates.  Attached to the complaint is a reply to plaintiff's administrative grievance on

17   this matter, which states that the challenged policy "was due to an increase cost resulting from a

18   growing number of halal meal requests."  (ECF No. 1 at 7.)

19          Two problems beset the complaint.  First, the proper defendant is Sacramento County, not

20   the Sacramento County Sheriff's Department, or the Sacramento Main Jail Correctional Facility.[1]

21          Second, the complaint does not identify or allege a violation of federal constitutional or

22   statutory rights.  Plaintiff may be able to state a cognizable claim under the First Amendment's

23

24   [1] Local governmental units, such as counties, are considered "persons" within the meaning of
     Section 1983.  Will v. Michigan Dept. of State Police , 491 U.S. 58, 70 (1989); Monell v. New
25   York City Dept. of Social Servs., 436 U.S. 658, 690-91 n.54 (1978), and related text.  In contrast,
     "persons" under Section 1983 do not encompass local governmental agencies, such as the
26   Sacramento County Sheriff's Department or Sacramento County Main Jail Correctional Facility.
     See e.g. United States v. Kama, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring)
27   ("municipal police departments and bureaus are generally not considered 'persons' within the
28   meaning of 42 U.S.C. § 1983") (citations omitted).

1    Free Exercise Clause, <u>see</u>, <u>e.g.</u>, <u>Shakur v. Schriro</u>, 514 F.3d 878, 884 (9th Cir. 2008) (this right

2    may be implicated when a prisoner is prevented from engaging in conduct which he sincerely

3    believes is consistent with his religion); the Fourteenth Amendment's Equal Protection Clause,

4    <u>see</u>, <u>e.g.</u>, <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972) (a prisoner is entitled to "a reasonable

5    opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who

6    adhere to conventional religious precepts"); and/or the Religious Land Use and Institutionalized

7    Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a)(1)-(2) ("[n]o government shall impose a

8    substantial burden on the religious exercise of a person residing in or confined to an institution . .

9    . even if the burden results from a rule of general applicability," unless the government can

10   establish that the burden furthers "a compelling governmental interest" by "the least restrictive

11   means").

12        However, notwithstanding the potential application of these claims to this case, a

13   regulation that impinges on a prisoner's right to freely exercise his religion may nevertheless be

14   valid if the regulation is reasonably related to legitimate penological interests.  <u>Shakur</u>, 514 F.3d

15   at 884 (citing <u>Turner v. Safley</u>, 482 U.S. 78, 89-90 (1987) (factors to be considered include

16   whether there is a rational connection between the challenged regulation and the governmental

17   interest put forward to justify it; whether there are alternative means for prisoners to exercise the

18   right; whether accommodation of the asserted right would adversely impact the institution,

19   including the allocation of prison resources; and whether there are easy alternatives for

20   accomplishing the same goal).

21        Due to the absence of explicit legal claims in the complaint, plaintiff will be required to

22   file an amended complaint that includes his chosen claims.  A complaint must give fair notice and

23   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); <u>Jones v. Cmty.</u>

24   <u>Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must demonstrate, in specific terms,

25   how the conditions about which he complains have resulted in the alleged deprivation of his

26   constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  An amended complaint must be

27   complete in itself without reference to any prior pleading.  Local Rule 220; <u>see</u> <u>Loux v. Rhay</u>, 375

28   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is

                                                    3

1 | superseded.  The amended complaint must, therefore, set forth all pertinent facts and their

2 | relationship to the elements of each legal claim.

3 |      In accordance with the above, IT IS HEREBY ORDERED that:

4 |      1.  Plaintiff's request for leave to proceed in forma pauperis (see ECF Nos. 2, 4, 8), is

5 | granted.

6 |      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

7 | is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

8 | § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

9 | Director of the California Department of Corrections and Rehabilitation filed concurrently

10 | herewith.

11 |      3.  Plaintiff's complaint (ECF No. 1) is dismissed.

12 |      4.  Within thirty days from the filing date of this order, plaintiff may complete the

13 | attached Notice of Amendment and submit the following documents to the court:

14 |      a.  The completed Notice of Amendment; and

15 |      b.  An Amended Complaint.

16 | An Amended Complaint must be so labeled, and bear the docket number assigned to this case; the

17 | Amended Complaint must comply with the requirements of the Civil Rights Act, the Federal

18 | Rules of Civil Procedure, and the Local Rules.

19 |      5.  The Clerk of Court is directed to send plaintiff a copy of the form used by prisoners in

20 | this district for filing a civil rights complaint.

21 |      6.  Failure to timely file an Amended Complaint in accordance with this order will result

22 | in a recommendation that this action be dismissed.

23 |      SO ORDERED.

24 | Dated:  April 9, 2014

25 |

26 | / khad0385.14.new

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

27 |

28 |

4

1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BABATOV KHADZHIMURAD,                    No.  2:14-cv-0385 JAM KJN P

12              Plaintiff,

13        v.                                  NOTICE OF AMENDMENT

14   SACRAMENTO COUNTY SHERIFF
     DEPARTMENT,
15

16              Defendant.

17
          Plaintiff hereby submits the following document in compliance with the court's order
18
     filed_____.
19

20
          _____        Amended Complaint
21

22

23   _____        _____
     Date                                        Plaintiff
24

25

26

27

28
                                        5